### M. F. Keegan v. Joshua Harlan.

1. PERSONAL PROPERTY—*how value of, may be proved.* In an action to recover the value of personal property, proof of the value of the various articles in question may be made in gross.

2. MEASURE OF DAMAGES—*when profits constitute proper part of.* In an action for wrongfully levying a distress warrant which resulted in the complete destruction of a going business, loss of profits constitute a proper element of the damages recoverable.

3. DISTRESS WARRANT—*when punitive damages for illegal levy of, may be awarded.* If the circumstances justify, it is proper to award punitive damages for an illegal levy of a distress warrant.

Trespass. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

J. B. MANN, for appellant.

CHARLES G. TAYLOR and JOHN F. LAWRENCE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in trespass by appellee against appellant to recover damages for wrongfully levying a distress warrant. There have been two trials of the case, the first resulting in a verdict against appellant for $800, in which a new trial was granted, and the last resulting in a verdict against appellant for $1,000, a *remittitur* by appellee of $500 and judgment against appellant for $500 damages and costs of suit.

Appellant was the owner of two store rooms in the city of Danville, which he claims to have rented to appellee on November 10, 1904, for $25 a month, $10 a month for the smaller room and $15 a month for the larger room. Appellee claims that he did not rent the smaller room of appellant, but that on November 7, 1904, he bought out one Compton, who was conducting a meat business in that room, under a lease from appellant which expired December 1st; that he took possession of the room and paid to Compton the balance for the rent of the room up to December 1st; that on November 15, 1904, he leased the larger room from appellant paying therefor $15 as rent in advance for one month, and that on the same day he vacated the smaller room and moved into the larger room. On December 14, 1904, appellant issued a distress warrant for the sum of $25, for rent claimed to be due to him from appellee, and delivered it to a constable to execute. The constable testifies that appellant then told him to go to the store of appellee and get the money, and in case the money was not paid, to close the store. The constable went immediately to the store of appellee for the purpose of executing the warrant, and demanded of appellee the sum of $25 as rent, whereupon, he was informed by appellee that he (appellee) was not occupying the smaller room and owed no rent therefor; that the rent for the larger room would not become due until the following day, November 15th, and would then be paid. There is a sharp conflict in the evidence regarding what then took place, but we think the jury were justified in finding that the constable directed appellee to sell no more goods, and ordered appellee and some of his customers then in the store to leave the premises, and locked the door, taking possession of the premises and the stock of groceries, meats and store fixtures therein. On November 15th, the constable caused an inventory to be made of the stock and fixtures and thereafter such of the stock as was perishable, was sold. Since the levy

Keegan v. Harlan.

of the distress warrant, appellant has had the exclusive possession of the store room, stock of goods and fixtures, and appellee has had no access thereto.

At a trial of the issues under the distress warrant there was a verdict for appellee, and judgment against appellant for costs.

There was no impropriety in permitting appellee to state the value of the property in gross. We know of no rule requiring a plaintiff, in the first instance, to fix a value on each article of personal property involved, separately. If the value as fixed in gross is conceived to be exaggerated or incorrect, it can be readily ascertained by a cross-examination of the witness, such as was conducted by counsel for appellant in the case at bar.

For the purpose of enabling the jury to determine the amount of damages sustained by appellee, he was permitted, over the objection of appellant, to testify to the amount of profits realized from his business carried on in the store during the month preceding the levy of the distress warrant.

Appellee was entitled to recover damages for all the injury he sustained as the necessary and natural consequence of the wrongful act of appellant. The business which appellee had established and was conducting at the time of the levy of the distress warrant was totally destroyed by the wrongful act of appellant, and appellee is entitled to recover the damages thereby accruing to him. It was held in Chapman v. Kirby, 49 Ill. 211, that the profits of an established business, and of which a person is deprived by the wrongful act of another, is a proper element of damage, and it was further held that for the purpose of establishing the amount of such damage it was competent to show the profits of the business for a reasonable period next preceding the time when the injury was inflicted, leaving the other party to show, that by depression in trade, or other causes, the profits would have been less. We are of opinion that the objection

of appellant to the admission of the evidence was properly overruled.

If the facts detailed by the witnesses for appellee are true, the jury were warranted in assessing punitive damages against appellant and we are not disposed to hold that the damages awarded by the judgment of the court are so excessive as to justify a reversal, or require a further *remittitur*.

Two instructions given at the instance of appellee state mere abstract propositions of law. While the instructions had better have been refused, or so modified as to make them concretely applicable to the facts disclosed by the evidence in the case, we cannot say that giving the instructions as tendered was prejudicial error.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*